**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4890-17T2

MICHAEL MITCHELL,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted May 7, 2019 – Decided May 30, 2019

Before Judges Geiger and Enright.

On appeal from the New Jersey Department of Corrections.

Michael Mitchell, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Tasha M. Bradt, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Michael Mitchell appeals from the denial of his grievance challenging the seizure of $3000 from his inmate account by the New Jersey Department of Corrections (DOC) to satisfy a portion of his court ordered fines and restitution. We affirm.

Tried to a jury, appellant was convicted of first-degree robbery, N.J.S.A. 2C:15-1, and sentenced to a twenty-five-year prison term under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and ordered to pay restitution in the amount of $19,046.88 to Liberty Mutual Insurance. On direct appeal, we affirmed appellant's conviction, but remanded for resentencing within the standard ten to twenty-year range for first-degree robbery because the State was barred from seeking a greater extended prison term than it disclosed in the pretrial memorandum. State v. Mitchell, No. A-0675-14 (App. Div. May 4, 2017) (slip op. at 2, 15-16). "We [left] it to the [trial] court to determine, based on its application of the sentencing factors, the appropriate sentence . . . within the regular range." Id. at 16. Appellant did not argue the restitution award should be reversed, modified, or remanded. Id. at 5-6. The Supreme Court denied certification. State v. Mitchell, 231 N.J. 153 (2017).

On remand, the trial court conducted a resentencing hearing on August 9, 2017. Neither appellant nor his trial counsel sought any change in the restitution obligation. Appellant was resentenced to a twenty-year NERA term. The trial court

issued an amended judgment of conviction imposing the twenty-year NERA term and the same $19,046.88 restitution obligation. Appellant did not appeal from his resentencing.

Appellant is an inmate at South Woods State Prison (SWSP). On August 22, 2017, the DOC seized a $3000 civil lawsuit settlement check sent to appellant by his attorney. The seized check was deposited into appellant's inmate account and applied by the Business Office at SWSP to satisfy a portion of appellant's court ordered fines and restitution.

Appellant challenged the seizure; the Business Office instructed appellant to contact the Central Office Review Unit regarding the seizure of his funds. Appellant grieved the seizure. The Offender Revenue Collection Unit informed appellant the amended judgment of conviction obligated him to pay the restitution. He was further advised that pursuant to N.J.S.A. 30:4-16.4 and N.J.A.C. 10A:2-2.2, the lawsuit settlement funds were processed correctly by being used "to pay a portion of [his] court ordered fines and restitutions." Accordingly, his request for a refund of the $3000 seized was denied. Appellant sought an administrative appeal of that decision. He was told there was no further administrative appeal process and the seizure decision was final. This appeal followed.

A-4890-17T2

Appellant argues the DOC's seizure of his funds was illegal and its failure to address the merits of his appeal renders the decision arbitrary and capricious. We disagree.

Our remand for resentencing was limited to sentencing appellant within the ordinary ten to twenty-year range for first-degree robbery. The trial court was not directed to reconsider the restitution award. The restitution award was not challenged by appellant during the resentencing hearing. The trial court included the unchanged restitution obligation in the amended judgment of conviction. Appellant did not appeal from the resentencing. The court-ordered restitution obligation is thereby binding and the settlement funds on deposit in appellant's inmate account must be applied to satisfy that obligation pursuant to N.J.S.A. 30:4-16.4, which provides in pertinent part:

> If an inmate is awarded a money judgment as the result of a civil action, the monies derived from that judgment shall be deposited in the inmate's account at the correctional institution in which the inmate is confined. These monies shall be used to satisfy any court-imposed fines, restitution or penalties which the inmate has not met.
>
> [Ibid. See also N.J.A.C. 10A:2-2.2(i).]

Deductions from inmate accounts "shall be made to pay . . . [c]ourt ordered payments, penalty assessments, restitution, and fines. N.J.A.C. 10A:2-2.2(e)(1).

4

The DOC cannot ignore or modify the restitution imposed by a judgment of conviction.

The decision to seize the $3000 settlement funds derived from a civil lawsuit was not illegal. Rather, it was lawful and statutorily mandated. The DOC explained the factual and legal basis for the seizure. Its decision was not arbitrary or capricious.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4890-17T2